# Report and Recommendation on the Issue of Damages Following the Entry of Default Judgment

Case Name and Docket Number: ***Trustees of the Building Trades Educational Benefit Fund, The Building Trades Annuity Benefit Fund, Building Trades Welfare Benefit Fund, and Electrician's Retirement Fund v. New York Empire Electrical Contracting***, No. 17-CV-5164 (JFB)(GRB).

This matter has been referred by the Honorable Joseph F. Bianco for report and recommendation on the issue of damages following the entry of default judgment in favor of plaintiffs, Trustees of the Building Trades Educational Benefit Fund, The Building Trades Annuity Benefit Fund, Building Trades Welfare Benefit Fund, and Electrician's Retirement Fund ("plaintiffs") against defendant New York Empire Electrical Contracting ("defendant"). Docket Entry ("DE") 15. As the Court has already directed the entry of default judgment, I turn directly to the issue of damages.

*Damages*

"To establish damages upon a default, the movant need only prove that the 'compensation sought relate[s] to the damages that naturally flow from the injuries pleaded.'" *OneWest Bank, N.A. v. Bianchini*, No. CV 14-3234 (DRH) (GRB), 2016 WL 1039491, at *2 (E.D.N.Y. Feb. 22, 2016), *report and recommendation adopted*, 2016 WL 1045533 (E.D.N.Y. Mar. 15, 2016) (citing *Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). Whereas unpaid contributions, interest, liquidated damages and reasonable fees and costs are provided pursuant to 29 U.S.C. § 1132(g)(2) and the collective bargaining agreement, and based upon a review of declarations and other documentary evidence, *see Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp*, 109 F.3d 105, 111 (2d Cir. 1997) (court may rely upon affidavits and documents in calculating damages upon default), I find that plaintiffs have established damages in the following amount(s):

**X Principal Damages**  [DE 8-12]                                                          $     31,174.15
    Consisting of:   Unpaid Contributions: $  22,142.35[1]
                       Interest:                     $     1,439.25[2]
                       Liquidated Damages: $     4,428.47[3]
                       Audit Costs:              $     3,164.08[4]

---

[1] Section 502 of ERISA provides for unpaid contributions. 29 U.S.C. § 1132(g)(2)(A). The Trust Agreement provides for unpaid fringe benefit contributions. DE 9-1 at 17 ¶ e; *see* DE 9-3.

[2] "The amount of interest due for unpaid contributions must be determined by using the rate provided under the plan." *Gesualdi v. J. H. Reid*, 198 F. Supp. 3d 211 (E.D.N.Y. 2016) (alterations omitted) (granting 18% interest where the Trust Agreement provided "an interest for unpaid contributions of 18% per year from the first day of the month when the payment was due through the date of payment"). In this case, the Trust Agreement provided for the Federal Reserve Bank prime loan rate (4.50) plus 2%. DE 9-1 at 17.

[3] "Section 502(g)(2)(C) of ERISA also provides for additional interest or liquidated damages on unpaid contributions in an amount equal to the greater of (i) interest on unpaid contributions; or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent. 29 U.S.C. § 1132(g)(2)(C). The Trust Agreement here provides that liquidated damages are to be awarded in an amount equal to twenty percent of the unpaid contributions. DE 9-1 at 17.

[4] Section 1132(g)(2)(E) of ERISA authorizes "such other legal and equitable relief as a court deems appropriate." 29 U.S.C. 1132(g)(2)(E). "Based on this language, courts have routinely interpreted

| | |
|---|---|
| **X** Attorneys' Fees (see Appendix A) | $      2,600.00 |
| **X** Costs (see Appendix A) | $         477.25 |
| **TOTAL** | **$     34,251.40** |

*Conclusion*

Based on the foregoing, the undersigned respectfully recommends that plaintiffs be awarded damages in a manner consistent with this report and recommendation.

*Objections*

A copy of this Report and Recommendation is being electronically served on plaintiffs' counsel via ECF.  The Court directs plaintiff (1) to serve copies of this Report and Recommendation by overnight mail to defendant at the last known address, and (2) to file proof of service on ECF within two days.  Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  **Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.**  *Mejia v. Roma Cleaning, Inc.,* No. 17-3446, 2018 WL 4847199, at *1 (2d Cir. 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."); *cf. Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under *de novo* or any other standard, when neither party objects to those findings").  This is especially true, where, as here, a party has been "warned of the consequences of not objecting to the Magistrate's findings."  *Mejia*, 2018 WL 4847199, at *1.

| | |
|---|---|
| /s/ Gary R. Brown | February 26, 2019 |
| GARY R. BROWN, United States Magistrate Judge | Date |

---

[Section] 1132(g)(2)(E) of ERISA to authorize the cost of audits as part of the damages award." *Gesualdi v. J.M.R. Concrete Corp.,* No. 16-CV-4210 (ADS) (SIL), 2018 WL 614975, at *6 (E.D.N.Y. Jan. 11, 2018), *adopted by,* 2018 WL 611693 (E.D.N.Y. Jan. 29, 2018).  The Trust Agreement authorizes "all costs of collecting the payments due," DE 9-1 at 17, which would include audit fees.

Appendix A to Report and Recommendation: Attorneys' Fees and Costs

      Whereas counsel fees and costs are provided pursuant to 29 U.S.C. § 1132(g)(2)(D), as supported by contemporaneous time records specifying relevant dates, time spent, and work done, *LaBarbera v. Clestra Hauserman, Inc.*, 369 F.3d 224, 226 (2d Cir. 2004), having reviewed the submissions, I find the following represents reasonable attorneys' fees and costs in this matter. *Gesualdi v. Seacoast Petroleum Prods., Inc.*, 97 F. Supp. 3d 87, 107-08 (E.D.N.Y. 2015). Thus, the following chart identifies the reasonable attorneys' fees and costs in this matter:

**Attorneys' Fees [DE 10 ¶¶ 7-15, Ex. D]**

| Provider Type | Presumptive Maximum Rate[5] | Requested Rates | Approved Rate | Requested Hours | Approved Hours | Lodestar |
|---|---|---|---|---|---|---|
| Senior Associate[6] | $200-$300 | $200 | $200 | 10.5 | 10.5 | $ 2600.00 |
| Total | | | | | 10.5 | **$ 2600.00** |

**Costs [DE 10 ¶¶ 5-8, Ex. C][7]**

| Item (specify each) | Costs |
|---|---|
| Filing Fee | $400.00 |
| Service Fee | $ 77.25 |
| **Total** | **$477.25** |

---

[5] *Gesualdi v. Seacoast Petroleum Prods., Inc.*, 97 F. Supp. 3d 87, 105-06 (E.D.N.Y. 2015).

[6] *See id.*

[7] *Alland v. Consumers Credit Corp.*, 476 F.2d 951 (2d Cir. 1973) ("costs" generally include such expenses as filing fees); *see Seacoast Petroleum Prods., Inc.*, 97 F. Supp. at 109 ("costs" generally include service fees).