UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
TRUSTEES OF THE BUILDING TRADES :
EDUCATIONAL BENEFIT FUND, et al., :
                                       :
           Plaintiffs, :     ORDER
                                         :     17-CV-5164 (JFB)(GRB)
               – against – :

NEW YORK EMPIRE ELECTRICAL :
CONTRACTING, :

           Defendant. :
                                         :
------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   MAR 25 2019   ★

LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

On February 26, 2019, Magistrate Judge Gary R. Brown issued a Report and Recommendation (the "R&R"), recommending that the Court award plaintiff money damages, including attorney's fees and costs, in the total amount of $34,251.40. (ECF No. 17.) The R&R was served on defendant New York Empire Electrical Contracting ("defendant") on March 4, 2019. (ECF No. 18.) The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R. The date for filing any objections has thus expired, and no party has filed an objection to the R&R. For the reasons set forth below, the Court adopts the R&R in its entirety, and awards plaintiff damages in the total amount of $34,251.40. The damages consist of: $22,142.35 in unpaid contributions; $1,439.25 in interest on the unpaid contributions; $4,428.47 in liquidated damages; $3,164.08 in audit costs[1]; $2,600 in attorneys' fees[2]; and $477.25 in costs.

Where there are no objections, the Court may adopt a report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress

---

[1] This amount includes a $2,532.08 accounting fee plus $632.00 in interest on the audit. (*See* Statement of Damages, ECF No. 9-4.)

[2] The R&R's calculation of the Lodestar amount reflects a calculation of 10.5 hours of time multiplied by a $200 rate. (R&R, at 3.) This calculation, plus $500, which refers to $500 billed for the sending of an audit demand letter (*see* Time Sheet, ECF No. 10-4), results in a total $2,600 attorneys' fee award.

intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas,* 474 U.S. at 155)).

No party has objected to the R&R. Having conducted a review of the full record and the applicable law, and having reviewed the R&R for clear error, the Court adopts the findings and recommendations contained in the R&R in their entirety. Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion for default judgment (ECF No. 8) is granted.

IT IS FURTHER ORDERED that plaintiff is awarded damages in the total amount of $34,251.40.

IT IS FURTHER ORDERED that plaintiff shall serve a copy of this Order on defendant and file proof of service with the Court.

SO ORDERED.

S/ JOSEPH F BIANCO

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated:     March 21, 2019
           Central Islip, New York

2